IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01842-BNB

PHILIP J. RUBIN,

    Plaintiff,

v.

COLORADO HIGHWAY PATROL,
BRETT HILLING, Colorado Highway Patrolman,
ROUTT COUNTY SHERIFF'S DEPARTMENT, and
JOHN DOES 1 and 2, Routt County Sheriffs,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Philip Rubin, initiated this action on July 13, 2012, by filing **pro se** a Complaint (ECF No. 1) alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On August 20, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Rubin to file an amended complaint, on the court-approved form, that did not include the Colorado Highway Patrol as a named Defendant and alleged facts sufficient to hold Routt County liable under 42 U.S.C. § 1983.  Plaintiff filed an amended complaint on September 18, 2012.

    The Court must construe the amended complaint liberally because Mr. Rubin is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Rubin will be ordered to file a second and final amended complaint.

Mr. Rubin alleges in the amended complaint that he was arrested on July 15, 2011, for suspicion of DUI (Driving Under the Influence) while driving in Steamboat Springs, Colorado.  He further alleges that Defendant Hilling, a Colorado State Patrolmen, ordered him to perform a roadside sobriety test.  Plaintiff was then handcuffed and transported to the Routt County Sheriff's Department for a breathalyzer test.  Plaintiff alleges that the following occurred at the Sheriff's Department:

> 9.  While in the custody of Colorado Highway Patrolman Brett Hilling, at the Routt County Sheriff's Department, . . . , Mr. Rubin suffered a serious and verifiable medical emergency requiring EMT assistance.
>
> 10.  Despite Rubin's desperate and constant pleas for help, obvious unwell appearance and the obligations of the Routt County Sheriff's Department, Rubin was denied emergency medical treatment at great risk to his life, long term wellness and mental wellbeing.
>
> 11.  When Hilling and the Routt County Sheriff's Deputies John Doe Officers 1-2 denied Rubin desperately needed medical assistance, the[ir] actions were reckless, dangerous, illegal and punitive.

Amended Compl., at 3.  Mr. Rubin asserts that the Defendants have deprived him of his constitutional rights and seeks monetary and injunctive relief.

Mr. Rubin was previously warned by Magistrate Judge Boland that to hold Routt County liable under 42 U.S.C.§ 1983, Mr. Rubin must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities such as Routt County are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City*

*Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  The amended complaint does not state any specific facts to implicate Routt County in a violation of Plaintiff's constitutional rights.

Furthermore, Mr. Rubin does not allege sufficient facts in the amended complaint to hold the individual defendants liable for a deprivation of his constitutional rights.  *See Hall*, 935 F.2d at 1110.  Mr. Rubin must assert facts demonstrating the personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how the named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

While in police custody, Plaintiff was constitutionally protected from a denial of

medical care under the same legal standard applicable to prisoners under the Eighth Amendment. **See Martinez v. Beggs**, 563 F.3d 1082, 1088 (10th Cir. 2009) (internal citation omitted). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. **See Estelle v. Gamble**, 429 U.S. 97, 102 (1976). "Deliberate indifference" involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." **Farmer v. Brennan**, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." **Hunt v. Uphoff**, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting **Ramos v. Lamm**, 639 F.2d 559, 575 (10th Cir.1980) (further quotation omitted)). The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." **Farmer**, 511 U.S. at 837.

Mr. Rubin's conclusory allegations that he suffered a "serious and verifiable medical emergency" while in Defendant Hilling's custody at the Routt County Sheriff's Department are not supported by sufficient facts to show the nature and extent of the medical emergency or how the denial of medical treatment placed Mr. Rubin at "great risk to his life, long term wellness and mental wellbeing." Accordingly, it is

ORDERED that Plaintiff, Philip J. Rubin, file, **within thirty (30) days from the date of this order**, a second and final amended complaint, on the court-approved form, that complies with the directives in this Order. It is

FURTHER ORDERED that Mr. Rubin shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. Alternatively,

Plaintiff may obtain the Court-approved form from the Clerks Office of the United States District Court, 901 19th Street, Denver, Colorado, 80294.  It is

FURTHER ORDERED that, if Mr. Rubin fails to file a second and final amended complaint **within thirty (30) days from the date of this order**, the amended complaint will be dismissed for the reasons discussed in this Order.

DATED September 21, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge